UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS J. VOIGHT,<br><br>    Petitioner,<br><br>    v.<br><br>SHAWN HATTON,[1]<br><br>    Respondent. | No. 2:17-cv-2015 TLN KJN P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court of Appeals for the Ninth Circuit ordered this court to deem the instant petition filed on January 23, 2017. (ECF No. 1 at 1.) Respondent filed a motion to dismiss this action on three grounds: (1) the petition is untimely; (2) the petition fails to raise a cognizable federal habeas claim; and (3) the claims are unexhausted. Petitioner filed an opposition. Respondent did not file a reply.

    As discussed below, the undersigned recommends that respondent's motion to dismiss this action as barred by the statute of limitations be granted.

---

[1] Shawn Hatton, the current warden of the Correctional Training Facility, where petitioner is housed, is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

II. <u>Relevant Background</u>[2]

    1. In Butte County Superior Court, petitioner was convicted of receiving stolen property and a number of sentencing enhancement allegations were found true. (ECF No. 1 at 1-2.) On May 25, 1996, petitioner was sentenced to an indeterminate term of twenty-five years to life in state prison. (Respondent's Lodged Document ("LD") 1.)

    2. On January 11, 2015,[3] petitioner filed a motion for resentencing under Proposition 47.[4] (LD 2.) The motion was denied on March 20, 2015. (LD 3.)

    3. Petitioner filed an appeal; on December 15, 2015, the California Court of Appeal affirmed the judgment. (LD 4.)

    4. Petitioner did not seek review in the California Supreme Court.

    5. Petitioner did not file any subsequent post-conviction challenges in state court.

    6. Petitioner filed a federal petition for writ of habeas corpus challenging the state court's denial of his request for re-sentencing pursuant to California Penal Code § 1170.18 (aka Proposition 47). <u>Voight v. Hatton</u>, 2:16-cv-0732 CKD (E.D. Cal.) (LD 5-6). On September 14, 2016, the federal habeas petition was dismissed based on petitioner's failure to exhaust state court remedies. <u>Hatton</u>, 2:16-cv-0732 CKD (LD 6-7). The court declined to consider whether the petition raised a cognizable federal habeas claim. (LD 6.)

    7. The instant federal petition was constructively filed on December 20, 2016, the date the petition was signed. (ECF No. 2 at 9.)

////

////

---

[2] Because petitioner's state court filings and court rulings that pre-date the enactment of Proposition 47 are not relevant, they are not set forth here. (<u>See</u> ECF No. 10 at 2 n.2.)

[3] Petitioner's filings are given benefit of the mailbox rule. <u>See</u> <u>Campbell v. Henry</u>, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing, and applies to both state and federal filings by incarcerated parties).

[4] The petition for resentencing was filed on a standard petition for writ of habeas corpus form, but the state superior court construed the filing as a petition for resentencing under Proposition 47. (LD 2-3.)

III. Statute of Limitations

   A. Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

   B. Petitioner's Claim

Petitioner raises one claim: the state courts wrongly denied his request for resentencing to reclassify his conviction for receiving stolen property as a misdemeanor under Proposition 47 because it is not a serious or a violent felony. (ECF No. 2 at 3, 8-9.) Petitioner seeks re-sentencing. (ECF No. 2 at 8.)

Proposition 47, passed by California voters on November 4, 2014, became effective November 5, 2014. Cal. Penal Code § 1170.18 (West 2014). It provides, in part, as follows:

> (a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or

3

> 11377 of the Health and Safety Code, or Section 459.5, 473,
> 476a, 490.2, 496, or 666 of the Penal Code, as those sections
> have been amended or added by this act.

Cal. Penal Code § 1170.18.

The statute of limitations for petitioner's Proposition 47 claim began to run on the effective date of the legislation, November 5, 2014. See 28 U.S.C. § 2244 (d)(1)(D) (stating the limitations period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence). Petitioner had until November 6, 2015, to file a timely federal habeas corpus petition. The instant petition, filed December 20, 2016, is not timely, unless petitioner is entitled to statutory or equitable tolling.

*Statutory Tolling*

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." Biggs v. Terhune, 339 F.3d 1045, 1046 (9th Cir. 2003); see also Carey v. Saffold, 536 U.S. 214, 219-25 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2) -- commonly referred to as interval or gap tolling -- is available only if a prisoner acted promptly in seeking relief at the next state court level. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408, 413-14 ) (2005).

Here, because no petition was pending, the limitations period ran from November 5, 2014, until January 11, 2015, when petitioner filed his motion for resentencing. By January 11, 2015, 67 days of the one year limitation period had expired. Petitioner's state motion was denied on March 20, 2015; thereafter, petitioner filed a timely appeal, and the decision was affirmed on December 15, 2015. Because petitioner was proceeding in an orderly and timely fashion, he is entitled to tolling from January 11, 2015, until December 15, 2015. Petitioner filed no further

state petitions; thus, the limitations clock began anew on December 16, 2015. By then, 67 days of the limitations period had earlier elapsed, leaving petitioner 298 days from December 16, 2015, in which to file his federal habeas petition (365 - 67 = 298). Such 298 day period expired on Sunday, October 9, 2016. Because this day fell on a Sunday, petitioner had until Monday, October 10, 2016, in which to file his petition. However, petitioner did not file the instant petition until December 20, 2016, over two months after the limitations period expired on October 10, 2016. Absent equitable tolling, the petition is barred by the statute of limitations.

*Prior Federal Habeas Petition*

Petitioner filed a previous federal habeas petition challenging the same state court decision he challenges in the instant petition. Hatton, 2:16-cv-0732 CKD (LD 5-8). However, the filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

*Equitable Tolling*

A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Here, petitioner makes no argument for equitable tolling. Moreover, the petition does not provide any grounds to apply equitable tolling. Indeed, in the findings and recommendations on the prior federal petition, the court suggested that petitioner could seek collateral review in the California Supreme Court under California Penal Code §§ 1743 et seq. Hatton, 2:16-cv-0732 CKD (LD 6 at 2). Petitioner does not address his efforts, if any, he made in response thereto.

////

However, the California Courts website[5] reflects that petitioner filed no additional habeas petitions after his original habeas petition was filed on September 11, 2012. Voight (Curtis J.) on Habeas Corpus, No. S205326 (Cal. 2012).[6]

For all the reasons discussed above, the petition is barred by the statute of limitations.

IV. Alternative Grounds

Because the petition is barred by the statute of limitations, the undersigned need not reach respondent's alternative arguments.

V. Request for Counsel

Petitioner also requested appointment of counsel. (ECF No. 2 at 8.) Because the petition is barred by the statute of limitations, appointment of counsel is not warranted.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is denied;

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted on the grounds that the petition is barred by the statute of limitations;

2. This action be dismissed, and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[5] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[6] Because the state court's website confirms that petitioner again failed to present his claim to the California Supreme Court, the petition is also not exhausted.

6

"Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 6, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/voig2015.mtd.hc.sol